IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. ) |
| CITGO PETROLEUM CORPORATION, | ) ) ) |
| Defendant. | ) ) ) |

COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

STATEMENT OF THE CASE

1. This is a civil action brought against Defendant CITGO Petroleum Corporation ("CITGO" or "Defendant"), pursuant to Section 211(d) of the Clean Air Act, as amended ("Act"), 42 U.S.C. § 7545(d), for violations of Section 211 of the Act, 42 U.S.C. § 7545, and regulations promulgated thereunder at 40 C.F.R. Part 80 (the "fuels regulations").

2. As described below, Defendant produced gasoline without complying with the provisions of the fuels regulations. The Complaint seeks civil penalties for these violations.

3. This action relates to gasoline produced at CITGO's Lake Charles Manufacturing Complex located at LA Hwy. 108, Lake Charles, Louisiana, 70602 (the "Lake Charles refinery") and

CITGO's Lemont Refinery located at 135th & New Avenue, Lemont, Illinois, 60439 (the "Lemont refinery").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 205 and 211 of the Act, 42 U.S.C. §§ 7524 and 7545.

5. Venue is proper in the Southern District of Texas, pursuant to Section 205 of the Act, 42 U.S.C. § 7524, because it is the judicial district in which the Defendant resides.

## AUTHORITY

6. The United States Department of Justice has authority to bring this action on behalf of the Administrator of the EPA pursuant to 28 U.S.C. §§ 516, and 519, and Section 305(a) of the Act, 42 U.S.C. § 7605(a).

## DEFENDANT

7. Defendant CITGO is a Texas corporation located at 1293 Eldridge Parkway, Houston, Texas. CITGO is a refiner and marketer of transportation fuels, lubricants, petrochemicals and other industrial products. It owns or operates facilities with a refining capacity of approximately 750,000 barrels per day.

## STATUTORY AND REGULATORY PROVISIONS

8. Section 211 of the Act, 42 U.S.C. § 7524, and the regulations promulgated thereunder, set forth a number of fuel quality and emissions standards.

9. 40 C.F.R. § 80.2(i) defines a refiner as any person who owns, leases, operates, controls, or supervises a refinery. 40 C.F.R. § 80.2(h), in turn, defines a refinery to include any facility where gasoline is produced.

10. Section 211(d)(1) of the Act, 42 U.S.C. § 7545(d)(1), provides, in part, that any person who violates the regulations prescribed under Sections 211(c) and (k) of the Act shall be liable for a civil penalty of up to $25,000 per day for each day of violation, and the amount of economic benefit or savings resulting from the violation. Pursuant to 40 C.F.R. § 19.4, the amounts of civil penalties for these violations increased to $32,500 per day, plus the amount of economic benefit or savings resulting from the violation, for violations that occurred between March 15, 2004, and January 12, 2009.

11. Section 211(d)(2) of the Act, 42 U.S.C. § 7545(d)(2), provides "the district courts of the United States shall have jurisdiction to restrain violations of subsections (c) . . . and (k) of this section and of the regulations prescribed under subsections (c) . . . and (k) of this section."

**Reformulated Gasoline Regulations**

12. Section 211(k) of the Act, 42 U.S.C. § 7545(k), requires EPA to promulgate regulations regarding the manufacture and use of reformulated gasoline ("RFG") for use in certain RFG covered areas.

13. EPA promulgated regulations pursuant to Section 211(k) of the Act, 42 U.S.C. § 7545(k). The RFG regulations require use of RFG in certain ozone nonattainment areas and impose a number of sampling, testing, recordkeeping, and reporting requirements on refiners. Refiners are required to determine the properties of each batch of RFG and reformulated gasoline blendstock for oxygenate blending ("RBOB") prior to the RFG or RBOB leaving the refinery facility. See 40 C.F.R. § 80.65(e) and 40 C.F.R. § 80.74.

**Mobile Source Air Toxics Standards and Regulations**

14. Section 211(c)(1) of the Act, 42 U.S.C. § 7545(c)(1), authorizes EPA to promulgate

regulations controlling the manufacture of fuel if (a) the emissions products of the fuel cause or contribute to air pollution which may reasonably be anticipated to endanger public health or welfare, or (b) the emissions products of the fuel will significantly impair emissions control systems in general use or which would be in general use if the fuel control were to be adopted.

15. EPA promulgated regulations pursuant to Section 211(c)(1) of the Act, 42 U.S.C. § 7545(c)(1), that require refiners of reformulated gasoline to obtain an exhaust toxics compliance baseline and prohibit refiners from producing gasoline that does not meet this baseline. These regulations, which are known as the Mobile Source Air Toxics rule ("MSAT Rule"), are found at 40 C.F.R. Part 80, Subpart J.

16. The MSAT Rule, at 40 C.F.R. § 80.910(a), requires each refiner to apply for a toxics baseline by June 30, 2001, or three months before it first introduces gasoline into U.S. commerce, whichever is later.

17. 40 C.F.R. § 80.815(c)(1) states that the compliance baseline of a refinery is determined in accordance with 40 C.F.R. § 80.915.

18. 40 C.F.R. § 80.815(d)(1)(i) provides that the gasoline toxics performance requirements apply to gasoline produced at a refinery during each calendar year starting January 1, 2002. The averaging period is January 1 through December 31 of each year.

19. The MSAT rule at 40 C.F.R. § 80.815(e) allows a refinery to create a toxics deficit (the annual average toxics reduction value is less than the compliance baseline) so long as in the calendar year following the year the toxics deficit is created, the refinery achieves compliance with the refinery baseline toxics performance requirement and generates additional toxics credits sufficient to offset the toxic deficit.

20. 40 C.F.R. § 80.1005(a) prohibits any person from producing or importing gasoline subject to Subpart J that does not comply with the applicable mobile source air toxics requirements under 40 C.F.R. § 80.815.

## GENERAL ALLEGATIONS

21. At all times relevant to this action, CITGO was a "refiner" as defined in 40 C.F.R. § 80.2(i) and a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

## FIRST CLAIM FOR RELIEF

22. Paragraphs 1 through 21 are re-alleged and incorporated by reference.

23. Defendant violated the RFG regulations at 40 C.F.R. § 80.65(e) by failing to sample and test approximately 23,963 barrels of RBOB that it produced at its Lemont Refinery from December 31, 2008, through January 3, 2009, and by failing to determine the properties of each batch RBOB produced during this time period prior to the RBOB leaving the refinery facility.

24. Defendant violated the RFG regulations at 40 C.F.R. § 80.74 by failing to record and maintain proper records for RBOB that it produced at its Lemont Refinery from December 31, 2008, through January 3, 2009.

25. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above subject the Defendant to civil penalties of up to $32,500 per day, plus the amount of any economic benefit or savings resulting from the violation for violations that occurred after March 15, 2004, but before January 12, 2009.

## SECOND CLAIM FOR RELIEF

26. Paragraphs 1 through 21 are re-alleged and incorporated by reference.

27. Defendant violated 40 C.F.R. § 80.1005(a) by producing gasoline subject to Subpart J at

the Lake Charles refinery during the 2007 and 2008 calendar years that did not comply with the applicable toxics requirements baseline under 40 C.F.R. § 80.815.

28. Pursuant to Sections 211(d)(1) and (2) of the Act, 42 U.S.C. § 7545(d)(1) and (2), and 40 C.F.R. § 19.4, the violations set forth above, subject the Defendant to civil penalties of up to $32,500 for each and every day of the averaging period, and the amount of economic benefit or savings resulting from the violation for violations that occurred between March 15, 2004, and January 12, 2009.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court enter judgment against Defendant:

A. Imposing a civil penalty against Defendant for each violation of Section 211 of the Act, 42 U.S.C. § 7545, and the fuels regulations, alleged herein, of up to $32,500 per day, plus the amount of economic benefit or savings resulting from each violation, for violations that occurred between March 15, 2004, and January 12, 2009;

B. Enjoining Defendant from committing any further violations of the Act and regulations promulgated thereunder, pursuant to Section 211(d)(2) of the Act, 42 U.S.C. § 7545(d)(2);

C. Requiring Defendant to take appropriate action to mitigate any excess emissions from the violations alleged above;

D. Awarding the United States its costs of this action; and

E. Granting the United States such other relief as the Court deems just and proper.

Respectfully submitted,

 /s/ *Nathaniel Douglas*
NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice


 /s/ *Samuel D. Blesi*
SAMUEL D. BLESI
ATTORNEY-IN-CHARGE
D.C. Bar No. 417818
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-514-1466
Facsimile: 202-616-6584
Sam.Blesi@usdoj.gov


KENNETH MAGIDSON
United States Attorney
Southern District of Texas

 /s/ *Daniel D. Hu*
Daniel David Hu
Assistant U.S. Attorney
S.D. Texas I.D. number 7959
Texas Bar No. 10131415
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: 713-567-9518
Daniel.Hu@usdoj.gov

Of Counsel:

NATALIE M. FIRESTINE
Attorney Advisor

Air Enforcement Division
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1595 Wynkoop Street
Denver, Colorado 80202

CERTIFICATE OF SERVICE

      I hereby certify that, on September 19, 2013, I caused true and correct copies of the foregoing *Complaint* to be served by first class mail, postage prepaid, on the following:

Christopher Newcomb
Senior Corporate Counsel
CITGO Petroleum Corporation
1293 Eldridge Parkway, N5016
Houston, Texas 77077


      /s/ *Samuel D. Blesi*
SAMUEL D. BLESI
ATTORNEY-IN-CHARGE
D.C. Bar No. 417818
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-514-1466
Facsimile:  202-616-6584
Sam.Blesi@usdoj.gov